CROMWELL *v.* YANDES.

PROMISSORY NOTE.—*Payable in Bank.*—*Payment.*—In an action by an assignee, on a promissory note payable in bank, it is a sufficient defence to answer payment of such note before its assignment, and that the plaintiff had notice thereof prior to such assignment.

From the Clay Circuit Court.

*H. Teter*, for appellant.

PERKINS, J.—Complaint by the endorsee, in the proper form, against the maker, upon a note, of which the following is a copy:

Cromwell v. Yandes.

"$500.                        INDIANAPOLIS, May 10, 1864.

"One year after date I promise to pay to the order of Sinker & Co., three hundred dollars, at Harrison's Bank, for value received, without any relief from valuation or appraisement laws, with interest at seven per cent.

"[20 cts. Revenue Stamp.]        OLIVER CROMWELL."
     Indorsed:     "SINKER & Co."

The defendant answered as follows:

" The defendant answering says, that the firm of Sinker & Co., to whom the note in the complaint set forth was made payable, or their order, and the defendant had a settlement in the year 1865, in which settlement was included and paid the said note, of which settlement and payment the plaintiff well knew at the time he became the owner of said note; that, by reason of said settlement and adjustment, said note was by the defendant fully paid; wherefore," etc.

A demurrer to this answer for want of sufficient facts was sustained, and exception entered. Judgment for the plaintiff for the amount of the note. Appeal to the Supreme Court, where it is assigned for error, that the court below erred in sustaining the demurrer to the answer.

The answer was not as definite as it might have been, but no motion was made that the defendant be required to make it more certain. It showed that the note had been paid at the time the plaintiff purchased it, and that he had notice of the fact. Hence, he was not a *bona fide* holder, and was compellable to allow the defence to the note, if it existed, which was set up in the answer. His demurrer admitted, for the purposes of the case, the existence of the defence. *Woollen v. Vankirk, post*, p. 497.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.